UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

THOMAS V. WRUCK,
SHERRY L. WRUCK,

          Plaintiffs,

          v.                           Case No. 04-C-0707(E)

JACQUE R. SOMMERS,
CORINNE M. SOMMERS,

          Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE

On July 21, 2004, plaintiffs, Thomas V. Wruck and Sherry L. Wruck, filed an eight-count lawsuit alleging (1) private nuisance, (2) negligence, (3) trespass, violations of (4) Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), (5) Violations of the Resource Conservation and Recovery Act (RCRA), (6) Violations of the Clean Water Act (CWA), (7) violations of other federal laws, state statutes and village ordinances, and (8) punitive damages. Defendants, Jacque R. Sommers and Corrine M. Sommers, are now seeking summary judgment and dismissal of these claims. For the reasons stated below, that motion will be granted and the case will be dismissed with prejudice.

### FINDINGS OF FACT

Plaintiffs are the owners of property adjacent to defendants' property. (Pl. Federal Complaint ¶ 8). For some time prior to the institution of this lawsuit, defendants allowed fill material to be deposited on their property. (Pl. Federal Complaint ¶¶ 10, 15, 18

and 23). The material caused the wetland pond on defendants' property to be filled in completely. (Aff. Cade, Jr., Ex. 2 at page 3).

On November 27, 2000, plaintiffs filed a lawsuit in Waukesha County, Wisconsin. (Pl. State Complaint). In the lawsuit, plaintiffs alleged defendants filled in wetlands on defendants' property illegally. (Pl. State Complaint ¶¶ 7, 13). According to the complaint, the fill contaminated the surface and groundwater to the detriment of neighboring property owners and migrated to the plaintiffs' property. (Pl. State Complaint ¶¶10, 11). Plaintiffs further charged that they suffered a monetary loss as a result of this contamination. (Pl. State Complaint ¶¶16, 21, 23, 26).

The jury in the Waukesha County case found that defendants created a nuisance on plaintiffs' property. (Defendants' Brief for Motion for Summary Judgment, Ex. C [Amended Special Verdict] at page 1). Additionally, it determined that defendants committed a trespass to plaintiffs' property due to the filling activities. (Defendants' Brief for Motion for Summary Judgment, Ex. C at page 2). The jury also concluded that the defendants' contamination was a cause of the nuisance and trespass. (Defendants' Brief for Motion for Summary Judgment, Ex. C at page 2). However, the jury decided that $0 would fairly and reasonably compensate plaintiffs for the contamination of their property. (Defendants' Brief for Motion for Summary Judgment, Ex. C at page 3).

On July 21, 2004, plaintiffs filed the case which is now before this court. (Pl. Federal Complaint). In the present case, plaintiffs assert that defendants allowed fill material containing hazardous substances to be deposited on their property. (Pl. Federal Complaint ¶¶ 10, 15, 18, 23). The plaintiffs acknowledge, indirectly, that their nuisance and trespass claims maybe construed as allegations that fill migrated to their property. (Plaintiffs' Response

2

to Defendants Proposed Findings of Fact and Plaintiffs' Additional Proposed Findings of Fact, Response to ¶ 11 at page 3). This court stayed the instant case pending resolution of the Waukesha County action.

On January 31, 2005, plaintiffs provided defendants with their Initial Disclosure under Fed. R. Civ. P. 26(a)(1). (Defendants' Proposed Findings of Fact, ¶ 18 at page 2). In their Rule 26(a)(1) Initial Disclosure, plaintiffs state that they seek expenses attributable to remediating their property or damages for diminution of the market value of their property punitive damages. (Defendants' Brief for Motion for Summary Judgment, Ex. D [Plaintiffs' Rule 26(a)(1) Initial Disclosure] at pages 7-8). In the Waukesha County action, plaintiffs did not assert that their property value had diminished, nor did they present evidence regarding the costs to investigate, study, assess or monitor the contamination, nor did they present evidence regarding any damages they sustained as a result of their response efforts. (Aff. Cade, Jr., ¶ 9).[1] Plaintiffs' Rule 26(a)(1) Initial Disclosure identifies essentially the same witnesses that were called in the Waukesha County case. (Defendants' Brief for Motion for Summary Judgment, Ex. D at pages 1-5 and Ex. E [Plaintiffs' Pretrial Report] at pages 6-10).

## DISCUSSION

### I. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party

---

[1] The preceding finding of fact is made pursuant to Local Rule 56.2(e) which states that "[i]n deciding a motion for summary judgment, the Court must conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out."

3

has the initial burden of demonstrating it is entitled to summary judgment.  *Id.* at 323.  Once this burden is met, the nonmoving party must designate specific facts to support or defend each element of her cause of action, showing that there is a genuine issue for trial.  *Id.* at 322-24.  In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The mere existence of some factual dispute does not defeat a summary judgment motion; there must be a *genuine* issue of *material* fact for the case to survive.  *Id.* at 247-48.  "Material" means that the factual dispute must be outcome-determinative under governing law.  *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997).  Failure to support any essential element of a claim renders all other facts immaterial.  *Celotex*, 477 U.S. at 323.  Therefore, summary judgment is appropriate against a party who, after adequate time for discovery and in the face of a properly supported summary judgment motion, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id.* at 322.  To establish that a question of fact is "genuine," the opposing party must present specific and sufficient evidence that, if believed by a jury, would actually support a verdict in her favor.  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249.  A "metaphysical doubt as to the material facts" is insufficient to defeat a motion for summary judgment.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998).  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

4

*Matsushita*, 475 U.S. at 587.  "A district judge faced with [a summary judgment] motion must decide . . . whether the state of the evidence is such that, if the case were tried tomorrow, the plaintiff would have a fair chance of obtaining a verdict.  If not, the motion should be granted and the case dismissed."  *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572-73 (7th Cir. 1989) (citations omitted).

## II.  CLAIM PRECLUSION

### A.  Wisconsin's test for claim preclusion

Pursuant to 28 U.S.C. § 1738, federal courts must give a state court judgment the same preclusive effect that it would receive in state court.  *See Wilhelm v. County of Milwaukee,* 325 F.3d 843, 846 (7th Cir. 2003) (citing *Allen v. McCurry,* 449 U.S. 90 (1980)).  Under Wisconsin law, the "doctrine of claim preclusion provides that a final judgment on the merits bars parties from relitigating any claim that arises out of the same relevant facts, transactions or occurrences."  *Sopha v. Owens-Corning Fiberglass Corp.*, 230 Wis.2d 212, 233 (1999).  However, prevention of repetitive litigation is not the only purpose for claim preclusion.  The Wisconsin Supreme Court stated that "[f]airness to the defendant and sound judicial administration require that at some point litigation over the particular controversy must come to an end."  *DePratt v. West Bend Mutual Insurance Co.*, 113 Wis.2d 306, 311 (1983).  "In order for the earlier proceedings to act as a claim-preclusive bar in relation to the present suit, the following factors must be present: (1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and (3) a final judgment on the merits in a court of competent jurisdiction."  *Northern States Power Co. v. Bugher*, 189 Wis.2d 541, 551 (1995).

5

Wisconsin uses the transactional approach adopted from the Restatement (Second) of Judgments (1982), to determine whether two suits involve the same cause of action. *See Menard, Inc. v. Liteway Lighting Products,* 282 Wis.2d 582, 598-99 (2005); *Northern States Power Co.*, 189 Wis.2d at 553; *DePratt*, 113 Wis.2d at 311; *Wilhelm*, 325 F.3d at 846. The Wisconsin Supreme Court quoted the Restatement (Second) of Judgments in *Northern States Power Co.* holding that ". . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* at 553. Further, the State Supreme Court held that "[u]nder this analysis, all claims arising out of one transaction or factual situation are treated as being part of a single cause of action and they are required to be litigated together." *Menard*, 282 Wis.2d at 598-99 (quoting *Parks v. City of Madison*, 171 Wis.2d 730, 735 (Ct. App. 1992). The Court of Appeals for the Seventh Circuit ruled that "[a] claim has 'identity with a previously litigated matter if it emerges from the same core of operative facts as that earlier action.'" *Highway J Citizens Group v. United States Department of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337 (7th Cir. 1995)). A court may consider whether the facts are related in time, space, origin or motivation. *See Menard*, 282 Wis.2d at 599. Finally, in adopting the Restatement (Second) of Judgments § 24, comment a (1982), the Wisconsin Supreme Court held that "the number of substantive theories that may be available to the plaintiff is immaterial – if they all arise from the same factual underpinnings they must all be brought in the same action or be barred from future consideration." *Northern States Power Co.*, 189 Wis.2d at 555.

## B. Disputed questions of law

Defendants contend, and plaintiffs admit, that the first and third factors of the test for claim preclusion are satisfied.[2]  In the instant case, the parties are identical to the parties in the Waukesha County action.  In addition, the Waukesha County case ended with a jury verdict which satisfies part of the third prong – a final judgment on the merits.  However, it is plaintiffs' contention that part of the third prong[3] is not satisfied because the Waukesha County court did not have jurisdiction to hear their federal claims.  Furthermore, the parties dispute whether this suit and the sate suit present identical causes of action.

## C.  State law claims

Plaintiffs brought nuisance, negligence, trespass and punitive damage claims in their action in Waukesha County.  They admit that the nuisance and trespass claims are barred, but this still leaves the negligence and punitive damages claims to deal with.[4]  However, it is unnecessary to apply the transactional analysis to the negligence and punitive damage claims to determine whether they arise out of the same transaction as plaintiffs' claims in the Waukesha County case because they are identical claims.  Because these claims were already litigated fully in the Waukesha County case, they are barred from being raised in the instant case.

## D.  Federal law claims

Plaintiffs maintain their CERCLA, RCRA and CWA claims are not barred because they are brought under federal statutes, not state statutes; that these statues require

---

[2] *See* Defendants' Brief for Summary Judgment at page 5 and Plaintiffs' Response to Defendants' Motion for Summary Judgment at page 6.

[3] Although Plaintiffs state that they are disputing the second prong, their argument that their federal claims should not be precluded because they could not present them in the Waukesha County case is actually contesting the "court of competent jurisdiction" part of the third prong.

[4] *See*  Plaintiffs' Response to Defendants' Motion for Summary Judgment at page 4.

7

them to prove different elements; and that they are seeking different damages than those sought in the state court. However, "[u]nder the transactional analysis, it is irrelevant that 'the legal theories, remedies sought, and evidence used may be different between the first and second actions. The concept of a transaction connotes a common nucleus of operative facts." *Menard*, 282 Wis.2d at 599 (quoting *Kruckenberg v. Harvey,* 279 Wis.2d 520 (2005)).

To determine whether the second prong of the test for claim preclusion is satisfied, we must look at the facts underlying the claims at issue. If the claims arise from one transaction or factual situation, the second prong is satisfied. On the other hand, if the claims are not outgrowths of several transactions or factual situations, the second prong would not be met and claim preclusion would not apply.

Defendants offer that all of the claims are based on the same events -*, i.e.,* the defendants filled in wetlands on their property, the fill contaminated the defendants' property and that contamination reached the plaintiffs' neighboring property. However, the plaintiffs do not address this argument. Instead, they submit that their federal claims have elements of proof that are different from those involved in their Waukesha County case. Even so, that does not make the factual underpinning of the instant case different from that of the Waukesha County case. Plaintiffs' federal claims are still based on the same alleged contamination resulting from defendants filling the wetlands on their property. Therefore, the second prong of the test for claim preclusion is satisfied.

This does not end the analysis of this issue because the question of whether the Waukesha County court was a court of competent jurisdiction to hear plaintiffs' federal claims must be answered. This issue is one that does not normally come up in state court. Hence, there is no Wisconsin Supreme Court precedent on this point. However, the Seventh

8

Circuit has addressed the topic and has stated that where a plaintiff was barred from bringing certain claims or from receiving some form of relief because of limitations on the subject matter jurisdiction of the court, ". . . it is our best guess that Wisconsin itself would permit [a] later suit, and thus it could proceed in federal court." *Froebel v. Meyer*, 217 F.3d 928, 935 (7th Cir. 2000). However, it later clarified the point in *Staats v. County of Sawyer*, 220 F.3d 511 (7th Cir. 2000) stating that,

> [u]nder this reasoning, if there was a forum in which all claims arising out of the single transaction could have been brought, and the plaintiff chooses a forum of limited jurisdiction instead, then the plaintiff's other claims are barred by the doctrine of claim preclusion, because the other claims could have been brought in the forum of general jurisdiction. If on the other hand, no such forum exists, and the plaintiff is forced to split her claims, a suit in one forum does not bar the plaintiff from also bringing suit in another.

*Id.* at 516; *see also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985). In the instant case, like *Froebel*, plaintiffs bring a claim under the CWA. As noted in *Froebel*, federal courts do not have exclusive jurisdiction over claims brought under CWA. *See id.* at 936 ("Other Wisconsin cases indicate that it is permissible to raise federal environmental law in state administrative litigation.") The Seventh Circuit ruled in *Froebel* that the plaintiff was barred from bringing a second action in federal court under the CWA because he should have raised the claim in his state administrative and judicial proceedings. *See id.* at 937. According to the Court of Appeals "[t]here is no reason to think that *Froebel* could not have argued to both the ALJ and the circuit court that the Wisconsin provisions as interpreted by WDNR violated the federal Clean Water Act." *Id.* at 936. It went on to state that, "[w]e presume that Wisconsin officials and courts would have faithfully applied federal standards if *Froebel* had given them the chance." *Id.*

As noted above, all of plaintiffs' claims, including the CWA claim, arise from the same factual situation as the state law claims. Therefore, the plaintiffs in the instant case, like the plaintiff in *Froebel,* should have raised their CWA claim in the Waukesha County case. Their failure to do so results in the CWA claim being barred pursuant to the doctrine of claim preclusion.

Finally, defendants maintain that plaintiffs could have brought all of their claims in a single action in federal district court, but *chose* instead to bring split their claims into two separate actions in two separate court systems. They argue that plaintiffs made the strategic choice to first bring their claims in a court of limited jurisdiction, as the Waukesha County Circuit Court lacked jurisdiction to hear their CERCLA and RCRA claims. The plaintiffs offer nothing which would support a contrary conclusion. Therefore, in accordance with the holding of the Seventh Circuit stated above, the result of this strategic choice is that plaintiffs' remaining federal claims are barred by the doctrine of claim preclusion inasmuch as they could have been brought in a forum of general (or at least supplemental) jurisdiction. *See Staats*, 220 F.3d at 516.

For the reasons set forth above,

IT IS ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment dismissing plaintiffs' claims and this action.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE